IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARL HAGEMAN,                                       Civil No. 05-306-CL

        Petitioner,                              REPORT AND RECOMMENDATION

v.

JEAN HILL,

        Respondent.

CLARKE, Magistrate Judge:

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In his amended petition for habeas corpus relief (#48), petitioner raises four claims for relief implicating the Fourteenth Amendment Due Process Clause, the Eighth Amendment right to be free of cruel and unusual punishment, and the Sixth Amendment right to effective assistance of counsel. For the reasons advanced below, the Court concludes that petitioner has not shown that he is entitled to federal habeas corpus relief, and recommends that petitioner's amended petition be denied and this case be dismissed.

Report and Recommendation - 1

# I. BACKGROUND

Following a court trial, in Wasco County Circuit Court, petitioner was convicted of Rape in the First Degree and Sodomy in the First Degree. Petitioner was sentenced to concurrent one-hundred month prison terms, followed by post-prison supervision. (Ex. 101.)

Petitioner directly appealed his convictions to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed from the bench, State v. Hageman, 149 Or. App. 497 (1997), and the Oregon Supreme Court denied review. (Exs. 103-107.)

Petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court. (Ex. 108.) The post-conviction court denied relief. (Exs. 132-33.) Petitioner appealed the denial of post-conviction relief to the Oregon Court of Appeals, but the Court of Appeals granted summary affirmance. (Exs. 134-37, 144.) The Oregon Supreme Court denied review. (Exs. 138-39.) A successive post-conviction petition, filed in Malheur County, was dismissed by the court. (Exs. 141-43.)

# II. DISCUSSION

In his amended petition for habeas corpus relief, petitioner raises the following claims for relief:

> 5. Petitioner's sentence is illegal and contrary to the Constitution of the United States in that:
>     A.    The conviction of Mr. Hageman on a standard of proof less than beyond a reasonable doubt violates the Fourteenth Amendment's guarantee of due process of law.
>     B.    Mr. Hageman was denied his Fourteenth Amendment right to

      due process and his Eighth Amendment right to be free of cruel and unusual punishment when the state invalidly convicted and sentenced him for rape and sodomy.
  C. Mr. Hageman was denied his due process right to a fair trial when the trial court admitted the testimony of the four-year old complaining witness even though she lacked competency to testify and was subject to leading questions on the key allegations in the indictment.
  D. Trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment in failing to object to prejudicial hearsay testimony concerning the allegations of abuse and the circumstances surrounding those allegations.

(Am. Pet. at 2-3.)

  Petitioner acknowledges that the claims raised in his amended petition are procedurally defaulted. However, he contends that there is both cause and prejudice to excuse the default. Petitioner also contends that, based on new evidence, he is actually innocent of the crimes for which he was convicted, and asserts a "gateway" innocence claim under <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), and a "freestanding" innocence claim under <u>Herrera v. Collins</u>, 506 U.S. 390 (1993). Alternatively, petitioner seeks an expansion of the miscarriage of justice exception "to encompass the extraordinary and unique circumstances of this case." (Pet'r Mem. At 2.) Petitioner offers evidence pursuant to Rule 7 of the Rules Governing Section 2254 Cases in support of his amended petition. He offers the transcription of a hearing in <u>State v. Hageman</u>, which took place in September 2005 in Wasco County, (Pet'r Ex. A). He also offers the affidavit of Judge John V. Kelly, Circuit Judge of Wasco County, (Pet'r Ex. B), who was the trial judge who conducted the bench trial in petitioner's state trial. In pertinent part, Judge Kelly states in

Report and Recommendation - 3

his affidavit:

> 5. I listened to and assessed the testimony of all prosecution and defense witnesses. The witnesses included the alleged victim, S.H.
> 6. At the conclusion of the trial, I found Mr. Hageman guilty of both charges.
> 7. I have thought a great deal about this case and the verdict that I rendered. I now believe that I made the wrong decision. Upon reflection, I no longer believe the state proved its case beyond a reasonable doubt. Accordingly, if I could render the verdict at this point, I would find Mr. Hageman not guilty.
> 8. I no longer believe that the child complainant testified credibly. At first, she was incapable of giving testimony. The child's caregiver then sat with the child and the child was still unable to testify. The child eventually sat in the front row of the courtroom, quite a distance from the bench. The prosecutor moved next to the caregiver, who now had the child on her lap, in order to enable the child to testify.
> 9. I also believe that the state presented an undue level of hearsay testimony.

(Pet'r Ex. B at 2-3.) Petitioner states that Judge Kelly's affidavit is offered in order to establish cause and prejudice, actual innocence, and the merits of his constitutional claims.

Respondent responds that petitioner cannot establish either cause and prejudice or a fundamental miscarriage of justice to excuse his default. He also contends that petitioner's freestanding Herrera claim does not apply in this non-capital case and, even if it did, petitioner's evidence does not satisfy Herrera's heightened standard.

The requirement that state remedies be exhausted is satisfied when the petitioner has fairly presented the substance of the federal claim to the state courts. This means that

Report and Recommendation - 4

the state court must be provided with "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted). A habeas petitioner's claim has been exhausted if the claim has been fairly presented to the highest state court with jurisdiction to consider the claim, and no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989). The failure to present a claim which would be procedurally barred in state court fulfills the technical requirement of exhaustion of state remedies. Coleman, 501 U.S. at 732, 735 n.1.

Here, petitioner concedes that his claims are procedurally defaulted. A federal court will not consider a claim that has been procedurally defaulted unless petitioner shows both "cause" and "prejudice" for the default, or demonstrates that the failure to consider the claim will result in a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); Coleman, 501 U.S. at 749.

Petitioner first contends that cause and prejudice excuses his default because the factual basis for his claim that the trial court's finding of guilt on a diluted standard of proof violated his right to due process could not have been discovered earlier. Petitioner

Report and Recommendation - 5

asserts that this claim could not have been raised in trial, on direct appeal, or on post-conviction because counsel had no reason to know that the trial court convicted on a diluted and unconstitutional standard of proof until Judge Kelly made his statement at the court hearing in 2005.

"Cause" is a legitimate excuse for the default due to something external to the prisoner. Coleman, 501 U.S. at 753. One way that a petitioner may establish cause is by showing that "the factual or legal basis for a claim was not reasonably available to counsel." Murray v. Carrier, 477 U.S. 478, 488 (1984); McKlesky v. Zant, 499 U.S. 467, 497 (1991). "Prejudice" is "actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

The Court cannot agree that Judge Kelly's affidavit establishes cause for default of his due process claim. Petitioner asserts that the trial court found him guilty on a diluted standard of proof –on proof less than the reasonable doubt standard required. However, there is nothing in the record, including Judge Kelly's affidavit, which indicates that Judge Kelly used any standard other than the reasonable doubt standard. In this regard, it is noteworthy that Judge Kelly states in his affidavit that he believes now that he made the wrong decision and that he no longer believes that the state proved its case "beyond a reasonable doubt." (Pet'r Ex. B Kelly Aff. At ¶ 7). Petitioner admits in his supporting memorandum that his claim is akin to a claim asserting insufficient evidence to support a conviction. Whether petitioner's conviction on the evidence offered at trial was

Report and Recommendation - 6

supported by the constitutionally required level of proof would be known to counsel at the time of trial and to appellate counsel reviewing the record. This would also be true as to Judge Kelly's beliefs now that the child complainant did not testify credibly and that an undue level of hearsay testimony was offered. Any challenge to the sufficiency of the evidence is ordinarily raised on appeal. See State v. Metcalfe, 328 Or. 309, 315 (1999).

Accordingly, the Court finds that petitioner fails to show cause for default of his due process claim. Because petitioner has not shown cause to excuse his procedural default, the court will not address whether he suffered actual prejudice. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988).

Petitioner next contends that Judge Kelly's affidavit supports application of the fundamental miscarriage of justice exception to the default rule, allowing his claims of constitutional error to be considered. A habeas petitioner who has procedurally defaulted constitutional claims may obtain review of the claims only if he or she falls within the narrow class of cases implicating a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). A claim of actual innocence comes within the fundamental miscarriage of justice exception. See Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). A claim of actual innocence does not by itself provide a basis for habeas corpus relief, "but instead is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claims considered on the merits." Schlup, 513 U.S. at

Report and Recommendation - 7

315. The fundamental miscarriage of justice exception applies "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 453 (1986). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). If a habeas petitioner presents new evidence of actual innocence that is so strong that it raises sufficient doubt about petitioner's guilt to undermine the court's confidence in the outcome of the trial and there is no assurance that the trial was free from nonharmless constitutional error, petitioner should be allowed to pass through the gateway and obtain review of the merits of his constitutional claims. Schlup, 513 U.S. at 316-17.

Petitioner asserts that, "based on the new evidence from Judge Kelly, [he] is actually innocent of the crimes for which he was convicted." (Pet'r Mem. At 2, 25.) However, petitioner does not offer "new" evidence of the type contemplated by Schlup–witness testimony or physical evidence that is evidence of factual innocence. Petitioner instead offers evidence of legal insufficiency which does not satisfy the actual innocence exception of Schlup.  In the context of the miscarriage of justice exception, "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); Sawyer v. Whitley,

Report and Recommendation - 8

505 U.S. 333, 339 (1992) ("We emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ." (citing Smith v. Murray, 477 U.S. 527, 537 (1986)); Kuhlmann, 477 U.S. at 453. Petitioner has not offered any new evidence of factual innocence, such as the declaration of a witness recanting testimony, or DNA evidence, but offers evidence only of "mere legal insufficiency," Bousley, 523 U.S. at 623, which does not satisfy the fundamental miscarriage of justice exception.

Even if Judge Kelly's affidavit constitutes new evidence as contemplated by Schlup, which the Court does not believe it does, the Court finds that the second step of Schlup is not satisfied. Under Schlup, a petitioner must show that, "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. The Schlup Court explained that this standard,

> does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. At 329. Judge Kelly states in his affidavit that, "now," after thinking about the case a great deal, he no longer believes that the state proved its case beyond a reasonable doubt and, "at this point," he would find petitioner not guilty. (Pet'r Ex. B Kelly Aff. ¶ 7.) Clearly, this evidence does not meet the "more likely than not" showing required by

Report and Recommendation - 9

Schlup . As the trier of fact, Judge Kelly had found petitioner guilty and, now, has misgivings about his decision. This is no different than any reasonable juror, following a jury trial, later declaring that he or she has misgivings about the verdict rendered.

Petitioner argues that the miscarriage of justice exception should encompass the circumstances presented here, where the trial judge convicted him of serious felonies on a quantum of proof less than constitutionally required, and where the transcript demonstrates that the competency of the complainant was not clearly established, excessive hearsay was admitted at trial, and the medical evidence did not support the accusation. Although the Supreme Court may not have definitively interpreted the term, "fundamental miscarriage of justice," the Court has equated the miscarriage of justice exception with actual innocence. Sawyer, 505 U.S. at 339; Carriger, 132 F.3d at 477-78 (citing Murray, 477 U.S. at 496); see discussion, supra. The Ninth Circuit recognized this in Noltie v. Peterson, 9 F.3d 802, 806 (9th Cir. 1993), cited by petitioner. There, the Ninth Circuit found that petitioner must show actual innocence to be excused from procedural default and, because petitioner had not submitted evidence in support of innocence or demonstrated cause for procedural default, petitioner's constitutional claim was dismissed as procedurally barred. Despite petitioner's urging that the exception should be expanded so as to include the circumstances of this case, this Court declines to do so.

Report and Recommendation - 10

Petitioner argues that, based on Judge Kelly's affidavit, he is actually innocent, and his convictions are unconstitutional, irrespective of any constitutional error at his trial or sentencing. He contends that, for the reasons already set forth, he is entitled to relief under the "freestanding" actual innocence claim discussed in Herrera, 506 U.S. 390. In Herrera, the petitioner argued that the Constitution prohibits the execution of a person who is innocent of the crime for which he was convicted. The Court assumed, for the sake of argument, that, "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenues open to process such a claim." Id. at 417. The Court, while not specifying what showing would be required to make out a successful claim, found that the threshold showing for this assumed right would be "extraordinarily high." Id.; Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997).

Courts have generally found that Herrera does not apply in non-capital cases. See Henderson v. Campbell, No. C 98-4837 CW (PR), 2007 WL 781966, at *28 (N.D. Cal. Mar. 13, 2007) (citing Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995); Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir. 1993)); Gonzales v. Warren, No. 03-CV-74266-DT, 2005 WL 1348701 (E.D. Mich. Apr. 14, 2005); Love v. Veltri, No. 03-CV-308-DRH, 2006 WL 2850507, at *7 (S.D. Ill. Sep. 29, 2006); Baldine v. Carey, No. Civ S-03-0533 DFL DAD P, 2006 WL 3201255, at *16 n.5 (E.D. Cal. Nov. 2, 2006); but see White v.

Keane, 51 F. Supp.2d 495 (S.D.N.Y. 1999). However, even if Herrera applies in non-capital cases,[1] the Ninth Circuit has found that the "'extraordinarily high'" standard contemplated by Herrera is a stronger showing than insufficiency of the evidence to convict, see Jackson v. Virginia, 443 U.S. 307, 324 (1979); instead, "a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." Carriger, 132 F.3d at 476 (citing Herrera, 506 U.S. at 442-44 (Blackmun, J., dissenting)). Here, petitioner offers no affirmative evidence of factual innocence which would support a finding that he is probably innocent.

On this record, the Court finds that petitioner fails to show that cause and prejudice, or that he satisfies the miscarriage of justice exception, so as to excuse his procedural default, and he does not meet the Herrera standard. Habeas corpus relief should be denied based on procedural default. Because petitioner's claims can be resolved on the record before the Court, his request for an evidentiary hearing is denied. See Battle v. Delo, 64 F.3d 347, 353 n.11 (8th Cir. 1995); Bannister v. Delo, 100 F.3d 610, 616-17 (8th Cir. 1996).

---

[1] Petitioner cites the Ninth Circuit case of Smith v. Baldwin, 466 F.3d 805 (9th Cir. 2006), in support of his contention that his freestanding Herrera claim should be considered in this non-capital case. However, since petitioner filed his memorandum, the Ninth Circuit has granted a rehearing en banc in that case, 482 F.3d 1156 (9th Cir. 2007).

Report and Recommendation - 12

The Court respects and is troubled by the serious concerns raised by Judge Kelly in his affidavit and petitioner's counsel, Mr. Bornstein. However, under habeas corpus law, there is nothing at the federal habeas level to reach these concerns. The Court notes that other avenues of relief may be available to petitioner, such as pursuing a pardon pursuant to Oregon's executive clemency law. See Or. Const. art. V, §14; ORS 144.649.

### III. RECOMMENDATION

Based upon the foregoing, it is recommended that petitioner's amended petition for writ of habeas corpus be denied and this case be dismissed; and that judgment be entered denying the amended petition for writ of habeas corpus and dismissing this case with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to these Findings and Recommendation, if any, are due on June 13, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to

//

//

appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 29 day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - 14